ACCEPTED
13-14-00402-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/19/2015 9:11:26 PM
DORIAN RAMIREZ
CLERK

**ORAL ARGUMENT REQUESTED**

## NO. 13-14-00402-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
2/19/2015 9:11:26 PM
DORIAN E. RAMIREZ
Clerk

# In the Court of Appeals
# for the Thirteenth Judicial District of Texas
# at Corpus Christi -Edinburg

---

**CONOCOPHILLIPS COMPANY, BURLINGTON RESOURCES OIL & GAS CO., L.P.,**

*Appellants/Cross-Appellees*,

**AND LOIS STRIEBER, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF JERRY STRIEBER,**

*Appellants,*

**v.**

**RALPH WADE KOOPMANN, KAREN MARIE KOENIG, AND LORENE H. KOOPMANN,**

*Appellees/Cross-Appellants.*

---

Appeal from the 24th Judicial District Court, Dewitt County, Texas
Cause Number 12-07-22,354

---

## BURLINGTON CROSS-APPELLEES' BRIEF

---

Kevin D. Cullen
  State Bar No. 05208625
  *kcullen@cullenlawfirm.com*
CULLEN, CARSNER, SEERDEN
& CULLEN, L.L.P.
119 South Main Street
Victoria, Texas 77902
(361) 573-6318
(361) 573-2603 (fax)

Michael V. Powell
  State Bar No. 169204400
  *mpowell@lockelord.com*
Kirsten M. Castañeda
  State Bar No. 00792401
  *kcastaneda@lockelord.com*
Elizabeth L. Tiblets
  State Bar No. 24066194
  *etiblets@lockelord.com*
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (fax)

*Attorneys for Burlington Resources Oil & Gas Co., L.P. and ConocoPhillips Company*

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................ ii

INDEX OF AUTHORITIES ...........................................................................vi

CROSS-ISSUES RESTATED ..........................................................................x

*As to Koopmanns:*

1. Texas Natural Resources Code §91.402 states royalty "payments may be withheld without interest…when there is…a dispute concerning title that would affect distribution of payments." Koopmanns brought a declaratory judgment claim based on their dispute with Strieber, Burlington, and ConocoPhillips over ownership of a defeasible term, non-participating royalty interest Strieber reserved from the Deed to Gilbert and Lorene Koopmann ("Strieber's NPRI").

    a. *Are Koopmanns' claims for breach of contract, unjust enrichment, conversion, negligence, and negligence per se, seeking royalties attributable to Strieber's NPRI withheld during the ownership dispute, barred as a matter of law by the Texas Natural Resources Code?*

    b. *Are Koopmanns' claims for pre- and post-judgment interest on royalties attributable to Strieber's NPRI barred as a matter of law by the Texas Natural Resources Code?*

2. Burlington's obligation to pay royalties for Strieber's NPRI arises solely from its oil and gas lease with Koopmanns.

    a. *Does the economic loss rule bar Koopmanns' attempt to recover those royalty payments as*

> *damages, plus interest, for conversion, negligence, and negligence per se?*

> b.  *Does the oil and gas lease bar Koopmanns' claims for unjust enrichment/money had and received seeking unpaid royalties and interest?*

3.  Does Texas law permit Koopmanns to bring a claim for conversion of unpaid royalty funds?

4.  Does Texas law permit Koopmanns to bring claims for negligence and negligence per se based on a shut-in royalties payment on which Koopmanns did not rely and which their counsel promptly returned?

5.  Did the trial court properly grant the take-nothing summary judgment?

*As to Strieber:*

Strieber asserted in a cross-claim that, if Koopmanns succeeded in obtaining a declaration of ownership rights under the Deed, then Burlington and ConocoPhillips breached a separate alleged oral contract between Strieber and Burlington or ConocoPhillips. After disposing of Koopmanns' declaratory judgment claim by summary judgment, the trial court severed Strieber's cross-claim. Did the trial court abuse its discretion in severing Strieber's cross-claim?

INTRODUCTION ................................................................................................1

STATEMENT OF FACTS .................................................................................4

A.  Different Parties' Rights Are Governed by Different Alleged Agreements..........................................................................4

B.  The Parties Disputed Ownership of Strieber's NPRI..........................5

**TABLE OF CONTENTS** *(cont'd)*

C.     Koopmanns and Strieber Added Claims Distinct from Declaratory Relief ...........................................................................6

D.     The Trial Court Summarily Disposed of Koopmanns' Claims and Severed Strieber's Cross-Claim ........................................7

SUMMARY OF THE ARGUMENT ........................................................................8

ARGUMENT .............................................................................................................9

A.     The Trial Court Properly Granted Summary Judgment Against Koopmanns' Non-Declaratory Claims ....................................9

      1.     Payments were withheld as authorized by statute, which prohibits interest ................................................................9

      2.     Additional independent grounds support summary judgment .................................................................................13

           a.     The economic loss rule bars the tort claims ...................13

           b.     Withheld royalty payments cannot be converted ..........................................................................14

           c.     As a matter of law, the shut-in payment caused no damage .........................................................15

           d.     The equitable claims are barred by contract ..................16

B.     The Trial Court Properly Severed Strieber's Cross-Claim .................17

      1.     The claims are not "interwoven" .............................................17

      2.     The summary declaratory judgment confirms severance was proper .............................................................21

      3.     Strieber cannot complain of alleged prejudice she invited ......................................................................................23

PRAYER ..................................................................................................................25

**TABLE OF CONTENTS** *(cont'd)*

CERTIFICATE OF COMPLIANCE.................................................................27

CERTIFICATE OF SERVICE ........................................................................28

# INDEX OF AUTHORITIES

Page(s)

## CASES

*Browning Oil Co. v. Luecke*,
   38 S.W.3d 625 (Tex. App.—Austin 2000, pet. denied) ..............................23, 24

*Cherokee Water Co. v. Forderhause*,
   641 S.W.2d 522 (Tex. 1982) ...................................................................34, 35

*Collin County v. Hixon Family P'ship, Ltd.*,
   365 S.W.3d 860 (Tex. App.—Dallas 2012, pets. denied) ................................35

*Concord Oil Co. v. Pennzoil Exploration & Prod. Co.*,
   966 S.W.2d 451 (Tex. 1998) .........................................................22, 23, 24, 25

*Dixon v. State*,
   808 S.W.2d 721 (Tex. App.—Austin 1991, writ dism'd
   w.o.j.) .........................................................................................................27

*Edwin M. Jones Oil Co. v. Pend Oreille Oil & Gas Co.*,
   794 S.W.2d 442 (Tex. App.—Corpus Christi 1990, writ
   denied)........................................................................................................22

*Excel Corp. v. Valdez*,
   921 S.W.2d 444 (Tex. App.—Corpus Christi 1996, orig.
   proceeding) .................................................................................................35

*F.F.P. Operating Partners, L.P. v. Duenez*,
   237 S.W.3d 680 (Tex. 2007) ....................................................................31, 32

*Forderhause v. Cherokee Water Co.*,
   623 S.W.2d 435 (Tex. Civ. App.—Texarkana 1981), *rev'd*,
   641 S.W.2d 522 (Tex. 1982) .........................................................................34

*Fortune Prod. Co. v. Conoco, Inc.*,
   52 S.W.3d 671 (Tex. 2000)............................................................................28

*Garcia v. Willman*,
   4 S.W.3d 307 (Tex. App.—Corpus Christi 1999, no pet.) ................................34

*Gore Oil Co. v. Roosth*,
158 S.W.3d 596 (Tex. App.—Eastland 2005, no pet.)......................................23

*In re Greater McAllen Star Properties*,
444 S.W.3d 743 (Tex. App.—Corpus Christi-Edinburg
2014, no pet. hist.) ...........................................................................................36

*Guaranty Fed. Savs. Bank v. Horseshoe Operating Co.*,
793 S.W.2d 652 (Tex. 1990) ............................................................................29

*Harrison v. Bass Enters. Prod. Co.*,
888 S.W.2d 532 (Tex. App.—Corpus Christi 1991, no writ) ...........................26

*Headington Oil Co., L.P. v. White*,
287 S.W.3d 204 (Tex. App.—Houston [14th Dist.] 2009, no
pet.) ..............................................................................................................23, 24

*Henry S. Miller Mgmt. Corp. v. Houston State Assocs.*,
792 S.W.2d 128 (Tex. App.—Houston [1st Dist.] 1990, writ
denied)...............................................................................................................36

*Howell v. Tex. Workers' Compensation Comm'n*,
143 S.W.3d 416 (Tex. App.—Austin 2004, pets. denied)................................35

*Iron Mountain Bison Ranch, Inc. v. Easely Trailer Mfg., Inc.*,
42 S.W.3d 149 (Tex. App.—Amarillo 2000, no pet.) ......................................28

*Jim Walter Homes, Inc. v. Reed*,
711 S.W.2d 617 (Tex. 1986) ............................................................................25

*Levetz v. Sutton*,
404 S.W.3d 798 (Tex. App.—Dallas 2013, pet. denied)..................................33

*Livingston Oil Corp. v. Waggoner*,
273 S.W. 903 (Tex. Civ. App.—Amarillo 1925, writ ref'd)............................27

*McGuire v. Commercial Union Ins. Co.*,
431 S.W.2d 347 (Tex. 1968) ...........................................................................34

*In re McKillip-Odom*,
2007 WL 2045282 (Tex. App.—Tyler July 18, 2007, orig. proceeding) (mem. op.).................................................................32, 33

*Mitchell Energy Corp. v. Samson Resources Co.*,
80 F.3d 976 (5th Cir. 1996) .................................................................26, 27

*Morgan v. Compugraphic Corp.*,
675 S.W.2d 729 (Tex. 1984) ................................................................30, 36

*Nabors Drilling, U.S.A., Inc. v. Escoto*,
288 S.W.3d 401 (Tex. 2009) .........................................................................28

*Newsome v. Charter Bank Colonial*,
940 S.W.2d 157 (Tex. App.—Houston [14th Dist.] 1996, writ denied) ...................................................................................................27

*Protocol Tech. v. J.B. Grand Canyon Dairy*,
406 S.W.3d 609 (Tex. App.—Eastland 2013, no pet.).................................28

*RGV Healthcare Assocs., Inc. v. Estevis*,
294 S.W.3d 264 (Tex. App.—Corpus Christi-Edinburg 2009, pet. denied)......................................................................................................35

*S.W. Bell Tel. Co. v. DeLanney*,
809 S.W.2d 493 (Tex. 1991) ................................................................25, 26

*Santana Natural Gas Corp. v. Hamon Operating Co.*,
954 S.W.2d 885 (Tex. App.—Austin 1997, pet. denied) ..............................27

*Smith v. Tex. Farmers Ins. Co.*,
82 S.W.3d 580 (Tex. App.—San Antonio 2002, pets. denied)......................................................................................................34

*State Dept. of Highways & Public Transp. v. Cotner*,
845 S.W.2d 818 (Tex. 1993) ................................................................32, 33

*Tex. Oil & Gas Corp. v. Vela*,
429 S.W.2d 866 (Tex. 1968) .........................................................................24

*Union Gas Corp. v. Gisler*,
   129 S.W.3d 145 (Tex. App.—Corpus Christi-Edinburg
   2003, no pet.) ...................................................................................30, 31, 32, 33

**CONSTITUTION, STATUTES, AND RULES**

TEX. FIN. CODE §§304.002, 304.005..........................................................................25

TEX. NAT. RES. CODE §91.402 .................................................. 14, 21, 22, 23, 24, 25

TEX. NAT. RES. CODE §91.402(a)..............................................................................25

TEX. NAT. RES. CODE §91.402(b) .................................................................21, 23, 24

TEX. NAT. RES. CODE §91.402(d) ............................................................................21

TEX. NAT. RES. CODE §91.403(a)..............................................................................21

TEX. NAT. RES. CODE §91.403(b) ............................................................................21

TEX. R. APP. P. 43.4....................................................................................................37

TEX. R. CIV. P. 40(a) ..................................................................................................30

## CROSS-ISSUES RESTATED

Cross-Issues as to Koopmanns:

1. Texas Natural Resources Code §91.402 states royalty "payments may be withheld without interest…when there is…a dispute concerning title that would affect distribution of payments." Cross-Appellants ("Koopmanns") brought a declaratory judgment claim based on their dispute with Lois Strieber, Burlington Resources Oil & Gas Co., L.P. ("Burlington"), and ConocoPhillips Company ("ConocoPhillips") over ownership of a defeasible term, non-participating royalty interest Strieber reserved from the Deed to Gilbert and Lorene Koopmann ("Strieber's NPRI"). Until this ownership dispute is finally resolved, Burlington has placed in suspense the royalties attributable to Strieber's NPRI. In an attempt to recover these royalties, as well as pre- and post-judgment interest thereon, Koopmanns brought claims for breach of contract against Burlington, unjust enrichment against ConocoPhillips, and conversion, negligence, and negligence per se against Burlington and ConocoPhillips. The trial court denied these claims through summary judgment.

   a. *Are Koopmanns' claims for breach of contract, unjust enrichment, conversion, negligence, and negligence per se barred as a matter of law by the Texas Natural Resources Code?*

   b. *Are Koopmanns' claims for pre- and post-judgment interest on royalties attributable to Strieber's NPRI barred as a matter of law by the Texas Natural Resources Code?*

2.     Burlington's obligation to pay royalties for Strieber's NPRI arises solely from its oil and gas lease with Koopmanns.

    a.     *Does the economic loss rule bar Koopmanns' attempt to recover those royalty payments as damages, plus interest, for conversion, negligence, and negligence per se?*

    b.     *Does the oil and gas lease bar Koopmanns' claim for unjust enrichment for unpaid royalties and interest?*

3.     Does Texas law permit Koopmanns to bring a claim for conversion of unpaid royalty funds?

4.     Does Texas law permit Koopmanns to bring claims for negligence and negligence per se based on a shut-in royalties payment on which Koopmanns did not rely and which their counsel promptly returned?

5.     Did the trial court properly grant the take-nothing summary judgment?

Cross-Issue as to Strieber:

Strieber asserted in a cross-claim that, if Koopmanns succeeded in obtaining a declaration of ownership rights under the Deed, then Burlington and ConocoPhillips breached a separate alleged oral contract between Strieber and Burlington or ConocoPhillips. After disposing of Koopmanns' declaratory judgment claim by summary judgment, the trial court severed Strieber's cross-claim. Did the trial court abuse its discretion in severing Strieber's cross-claim?

## INTRODUCTION

Every side has found fault with the trial court's judgment in this case. This appeal consists of three main components. The first component is addressed in Burlington and ConocoPhillips' opening brief. This Cross-Appellees' Brief addresses the second and third components.

(1)    Burlington, ConocoPhillips, and Strieber appeal the trial court's summary judgment declaring Koopmanns own Strieber's NPRI as of December 27, 2011;

(2)    Koopmanns cross-appeal the trial court's take-nothing summary judgment against their remaining claims, seeking royalties attributable to Strieber's NPRI (the "NPRI royalties") placed in suspense during the ownership dispute, as well as interest thereon; and

(3)    Strieber also appeals the trial court's order severing her cross-claim against Burlington and ConocoPhillips after granting Koopmanns summary declaratory judgment.

Resolving these issues takes us step-by-step down a straightforward path. Well established legal principles light the way. Yet, Koopmanns—and even, at times, Strieber—attempt to complicate matters by injecting unsupported fact statements, irrelevant emotional pleas, and several abrupt reversals of positions they advocated below.

Indeed, Koopmanns devote much of their brief to casting aspersions on Burlington and ConocoPhillips. They imply, for example, some sort of skullduggery in Strieber's conveyance of 60% of her NPRI to Burlington through a "secret" acquisition following months of "closed-door" meetings. *Koopmann-*

*XANT:Br.* 8.  Yet, the record shows the Royalty Deed conveying the interest was promptly and publicly filed in the county deed records, with no preceding negotiations, just 41 days after Strieber's sons approached ConocoPhillips with an offer.  2CR:353, 376, 475-77.  In addition to their lack of record support,[1] these sorts of allegations are irrelevant to the claims denied by summary judgment, which are based on:  (1) Burlington's placing in suspense NPRI royalties during the ownership dispute; and (2) Burlington's shut-in royalty payment.

Moreover, Koopmanns' characterization of that ownership dispute in their brief contrasts sharply with the position they used to garner a hefty attorneys' fees award under the Declaratory Judgments Act.  Below, they sought declarations on whether they or Strieber and Burlington own Strieber's NPRI.  In moving for DJA attorneys' fees, Koopmanns declared this ownership dispute was "heated" and the heart of the case.  3CR:464.  Koopmanns acknowledged the "complex" ownership dispute presented "[n]ovel and difficult legal questions" requiring hundreds of attorney work hours.  3CR:482.

Nevertheless, on appeal, Koopmanns "vehemently contest" there is any "legitimate title dispute …."  *Koopmann-XANT:Br.* 23 (emphasis omitted).  The reason for this abrupt about-face is simple:  Texas Natural Resources Code section 91.402 authorizes a payor to withhold royalty payments, without interest, when a

---

[1] The Koopmanns' record cites frequently do not support the associated statements.

dispute concerning title exists that would affect distribution of payments. All Koopmanns' non-declaratory claims are based on NPRI royalties withheld during the "heated" and "complex" ownership dispute. For this and other reasons discussed below, the trial court properly granted summary judgment against these claims.

Strieber also performs an about-face in presenting her appellate issue against co-appellants Burlington and ConocoPhillips. After the trial court granted Koopmanns declaratory relief (3CR:455-56), Burlington and ConocoPhillips moved to sever and stay Strieber's cross-claim pending the declaratory judgment appeal. 3CR:686-87. The cross-claim concerned purported terms of an independent alleged agreement by which Strieber assigned 60% of her NPRI to Burlington. Strieber opposed severance. However, in the alternative the cross-claim were severed, Strieber asked the trial court to deny the stay. The trial court severed the cross claim and denied the stay. Yet, on appeal, Strieber contends the severance is prejudicial because the cross-claim is not stayed. *Strieber-ANT:Br.* 5, 7-8.

Opinions by the Texas Supreme Court, this Court, and other courts of appeals confirm the trial court properly severed Strieber's cross-claim. Moreover, even if Strieber could complain of relief the trial court granted at her request, she asks this Court to place her in the same situation she contends is "prejudicial:" to

require trial of her cross-claim before deciding whether the threshold declaratory judgment should be reversed. Strieber has not shown any abuse of discretion or harm to support the severance order's reversal.

## STATEMENT OF FACTS

Burlington and ConocoPhillips set forth below facts that are supported by the record, undisputed, and relevant to the cross-issues.

### A. Different Parties' Rights Are Governed by Different Alleged Agreements

On December 27, 1996, Strieber conveyed the Tract to Gilbert and Lorene Koopmann. 2CR:323-25. In the Deed, Strieber reserved a defeasible term, non-participating royalty interest in one-half of the royalties from the Tract. 2CR:324. Strieber's NPRI was reserved for a period of 15 years "and as long thereafter as there is production in paying or commercial quantities of oil, gas, or said other minerals from said land or lands pooled therewith." *Id.* The Deed contained a saving clause defining circumstances under which it would be considered that production in paying or commercial quantities was being obtained by the Tract as of December 27, 2011. *Id.*

Koopmanns' interest in the Tract was leased to Hawke Enterprises, Burlington's predecessor-in-interest. 2CR:332-38. This Lease, whose term extends to October 22, 2012, governs payment of royalties to Koopmanns. 1CR:284; 2CR:462-676.

4

On July 6, 2011, Strieber's sons approached Burlington about possibly transferring a portion of Strieber's NPRI. 2CR:353, 376. On August 16, 2011, Strieber and Burlington entered into a Royalty Deed assigning 60% of Strieber's NPRI to Burlington. 2CR:475-77. Burlington promptly filed the Royalty Deed in county deed records. 2CR:477.

Strieber alleges Burlington or ConocoPhillips orally promised that, in exchange for her assignment, Burlington or ConocoPhillips would drill multiple wells, beginning with a well drilled, completed, and producing by December 27, 2011. Neither the Royalty Deed nor any other writing contains such promise. 1CR:173-74.

## B.    The Parties Disputed Ownership of Strieber's NPRI

Ultimately, the parties disagreed whether Strieber's NPRI terminated on December 27, 2011. Koopmanns claim it did, asserting they now own 100% of royalties from the Tract. 1CR:4, 10-11. Strieber, Burlington, and ConocoPhillips contend the Rule Against Perpetuities bars Koopmanns' ownership claim. 2CR:136-37, 192, 562-63. In addition, they contend Strieber's NPRI continued in effect under the Deed. *Id.* The parties' dispute had several effects.

First, consistent with its position that Strieber's NPRI continued in effect, Burlington sent Koopmanns a shut-in royalty payment in December 2011. 1CR:287, 319; 3CR:660-61. Contrary to Koopmanns' unsupported assertions

5

(*Koopmann-XANT:Br.* 10-12), the undisputed evidence showed payment was made according to standard procedure, a precaution against later assertions it was necessary to preserve Strieber's NPRI. 3CR:660-61. Koopmanns, consistent with their own position, "promptly rejected and returned" the payment. 1CR:229. Although Koopmanns alleged the payment was part of a "ruse," they acknowledged in pleadings and depositions they did not rely on the payment, were not misled by it, and did not suffer any harm from it. 1CR:228-29; 3CR:639-41, 642, 651-52. Indeed, Ralph Koopmann testified "I kind of laughed at it…[b]ecause I knew it wasn't right." 3CR:640.

Further, after Koopmanns informed Burlington they disputed ownership of Strieber's NPRI, Burlington placed in suspense all royalties attributable to Strieber's NPRI (*i.e.*, one-half the royalties from the Tract) until the dispute is resolved. 1CR:231. Burlington issued a division order for the other, undisputed half of royalties, which have been paid to Koopmanns. *See id.*

Finally, in 2012, Koopmanns filed suit for, *inter alia*, declarations under the Deed that Strieber's NPRI terminated on December 27, 2011, and they own 100% of the royalties. 1CR:4, 10-11.

## C.    Koopmanns and Strieber Added Claims Distinct from Declaratory Relief

Beyond their declaratory judgment claim, Koopmanns pursued claims against Burlington and ConocoPhillips for breach of contract, unjust enrichment,

6

conversion, and negligence/negligence per se based on withholding of NPRI royalties.[2] 1CR:239-53. In further support of the negligence/negligence per se ("negligence") claims, Koopmanns also discussed Burlington's shut-in royalty payment. 1CR:245, 251.

Strieber later asserted a cross-claim against Burlington and ConocoPhillips. Strieber still denied Koopmanns owned the NPRI. *E.g.*, 2CR:562-63. Nonetheless, Strieber alleged, if Koopmanns prevailed, Burlington and ConocoPhillips breached a contract with her.[3] 2CR:5. While Koopmanns' declaratory judgment claim centers on the 1996 Deed, Strieber's contract claim centers on an alleged 2011 oral agreement with Burlington or ConocoPhillips.

## D. The Trial Court Summarily Disposed of Koopmanns' Claims and Severed Strieber's Cross-Claim

On competing motions, the trial court granted summary declaratory judgment for Koopmanns. 3CR:455; 4CR:517.

Burlington and ConocoPhillips moved to sever and stay Strieber's cross-claim pending appeal. 3CR:686, 698. Strieber opposed the severance, but also asked the trial court to deny a stay if severance were granted. 4CR:360, 369.

---

[2] Koopmanns also asserted a tortious interference claim, which was dismissed as a matter of law. 4CR:483. They do not appeal the dismissal. *Koopmann-XANT:Br.* 4.

[3] Strieber pleaded, but later non-suited, a negligent misrepresentation cross-claim. 2CR:5; 4CR:358.

The trial court granted a take-nothing summary judgment on Koopmanns' remaining claims and severed Strieber's cross-claim. 4CR:482-83, 495. The trial court denied the stay, and the severed action was set for trial on March 2, 2015. *See* 4CR:495. However, the parties agreed to pass the trial setting, which has not been reset.

The summary judgments and severance expressly merged into the final judgment. 4CR:519-21.

## SUMMARY OF THE ARGUMENT

The ownership dispute over Strieber's NPRI forms the heart of Koopmanns' claims. The parties starkly disagree, triggering the Texas Natural Resources Code provision allowing payors to withhold royalties without interest when a dispute concerning title would affect their distribution. This statute protects lessees from making duplicative payments to competing putative owners. As a matter of law, the statute bars Koopmanns' claims based on placement of NPRI royalties in suspense. For this and other reasons, the trial court properly granted its take-nothing summary judgment.

The trial court also properly severed Strieber's cross-claim against Burlington and ConocoPhillips. 4CR:495. Unlike Koopmanns' declaratory judgment claim, the cross-claim asserted breach of a different contract allegedly formed between Strieber and either Burlington or ConocoPhillips. 2CR:4.

8

Furthermore, the cross-claim was severed after the threshold NPRI ownership question had been resolved by summary judgment. 2CR:5; 3CR:455, 495. The severance order falls well within the trial court's discretion and should not be disturbed.

## ARGUMENT

### A. The Trial Court Properly Granted Summary Judgment Against Koopmanns' Non-Declaratory Claims

#### 1. Payments were withheld as authorized by statute, which prohibits interest

Koopmanns' declaratory judgment claim highlights the parties' vigorous dispute over ownership of Strieber's NPRI. Koopmanns' other claims seek damages and interest based on withholding of NPRI royalties. However, the Texas Natural Resources Code provides that royalty "payments may be withheld without interest…when there is...a dispute concerning title that would affect distribution of payments." TEX. NAT. RES. CODE §91.402(b). Consistent with this provision, the statutorily prescribed division order form states: "In the event of a claim or dispute that affects title to the division of interest credited herein, payor is authorized to withhold payments accruing to such interest, without interest unless otherwise required by applicable statute, until the claim or dispute is settled." *Id.* §91.402(d). In addition, section 91.403(b) provides that the interest rate prescribed by section 91.403(a) "does not apply where payments are withheld or suspended" under section 91.402.

9

As a matter of law, the Code bars Koopmanns' non-declaratory claims. *See id.*; *Edwin M. Jones Oil Co. v. Pend Oreille Oil & Gas Co.*, 794 S.W.2d 442, 450 (Tex. App.—Corpus Christi 1990, writ denied) (holding a "title dispute" existed where lawsuit's subject matter and evidence showed parties disputed royalty payments' ownership). In an attempt to avoid the statute, Koopmanns argue the title dispute is not "legitimate." *Koopmann-XANT:Br.* 26. Yet, in support of DJA attorneys' fees below, Koopmanns argued "the heart of this case was the construction of a deed, including a heated dispute over whether a reserved term royalty interest held by [Strieber] expired on December 27, 2011." 3CR:464. Koopmanns characterized their efforts to establish title as complex, requiring hundreds of attorney hours to address "novel and difficult legal questions" on title issues. 3CR:482. The trial court awarded Koopmanns $190,000 in DJA trial attorneys' fees. 4CR:520-21. Having obtained this award based on a complicated title dispute, Koopmanns cannot now argue the title dispute was illegitimate.

The dispute over who owns Strieber's NPRI supports the right to withhold NPRI royalties, even pending appeal. For example, in *Concord Oil Company v. Pennzoil Exploration and Production Company*, 966 S.W.2d 451, 461 (Tex. 1998), two interest owners claimed the right to proceeds based on competing deed interpretations. The Supreme Court rejected Pennzoil's interpretation and held

10

Concord was entitled to the proceeds Pennzoil had withheld.[4]  *Id.* at 459. Nevertheless, the Court also determined Pennzoil was statutorily entitled to withhold those proceeds until the Court resolved the title dispute.  *Id.* at 461.

Likewise, disagreement over the correct ownership percentages, which always affects the payor's "ability to distribute" royalties, presents a legitimate title dispute.  *Headington Oil Co., L.P. v. White*, 287 S.W.3d 204, 210, 212 (Tex. App.—Houston [14th Dist.] 2009, no pet.)  Similarly, when parties dispute the amount of royalty interest held by a grantor's successor under a deed, the title dispute triggers the statute.[5]  *Id.* at 210-11 (analogizing *Gore Oil Co. v. Roosth*, 158 S.W.3d 596 (Tex. App.—Eastland 2005, no pet.)).

By contrast, cases in which courts have declined to apply section 91.402(b) typically involve deliberate contractual breaches not based upon disputed title. *See, e.g., Browning Oil Co. v. Luecke*, 38 S.W.3d 625 (Tex. App.—Austin 2000, pet. denied).  The *Browning* payor did not dispute the plaintiffs' *entitlement* to royalties, but instead disagreed over how to calculate the payments.  *Id.* at 632; *see*

---

[4] *Concord* directly contradicts Koopmanns' argument that section 91.402's only purpose "is to extinguish a plaintiff's/lessor's right to recover prejudgment interest when the defendant/lessee obtains a *favorable* verdict." Defendant/lessee Pennzoil lost, but still obtained section 91.402's protections.  *Compare Koopmann-XANT:Br.* 23-24 (emphasis added) *with Concord*, 966 S.W.2d at 461.

[5] Koopmanns repeatedly assert section 91.402(b) does not provide safe harbor for a payor to withhold payments.  Yet, the *Headington* court observed section 91.402's very purpose is to "permit delays that result from legitimate title disputes."  287 S.W.3d at 210.

*also Headington*, 287 S.W.3d at 211 (distinguishing *Browning* as involving claims "not from disputes about the amount of the interest or who owned it").  Here, the situation is opposite *Browning*.  The parties do not dispute how royalties should be calculated, but instead disagree over who is entitled to receive those payments, *i.e.*, a title dispute.  *See Headington*, 287 S.W.3d at 212.

Burlington's partial ownership of Strieber's NPRI does not remove section 91.402's protections.  *See Concord*, 966 S.W.2d at 462.  To the contrary, the Supreme Court expressly held section 91.402(b) applies equally when a payor "unsuccessfully asserts that it is entitled to some or all of the proceeds." *Id.*

Each of Koopmanns' additional claims is based on Burlington's and/or ConocoPhillips' failure to pay, or exercise of dominion or control over, NPRI royalties.  1CR:239-53.  Koopmanns' contract claim alleges Burlington's failure to pay NPRI royalties breached the Lease.[6]   The unjust enrichment/money had and received claim alleges ConocoPhillips retained possession and benefit of NPRI royalties.  1CR:241.  The conversion claims allege Burlington and ConocoPhillips wrongfully exercised dominion and control over NPRI royalties.  1CR:243-44, 247-48.  The negligence claims are based on acts or omissions giving rise to the failure to pay NPRI royalties.  1CR:244-47, 251-52.  And, the claims for pre- and

---

[6] Although Koopmans contend the Code does not apply to contract claims, the only possible basis for an obligation to pay a lessor royalties—*i.e.*, the payments that may be withheld under section 91.402—is an oil and gas lease.  *E.g., Tex. Oil & Gas Corp. v. Vela*, 429 S.W.2d 866, 870 (Tex. 1968).

post-judgment interest seek to add interest to the amounts of withheld NPRI royalties.

As a matter of law, section 91.402 authorized Burlington to withhold NPRI royalties, without penalty of interest.[7] *See Concord*, 966 S.W.2d at 462. Equally, the statute extends to ConocoPhillips in administering Burlington's leasehold obligations. *Compare* TEX. NAT. RES. CODE §91.402(a) (applying to any "payor") *with* 3CR:681-82 (explaining ConocoPhillips' role). The trial court's take-nothing summary judgment should be affirmed.

### 2. Additional independent grounds support summary judgment

#### a. *The economic loss rule bars the tort claims*

Independently of section 91.402, the economic loss rule bars Koopmanns' conversion and negligence claims. "When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). Moreover, when a defendant's only duty arises from a contract whose benefit the plaintiff seeks to recover, there is no viable negligence claim. *See S.W. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 495 (Tex. 1991).

---

[7] Contrary to Koopmanns' argument, the Finance Code does not support post-judgment interest. The final judgment is neither a "money judgment" nor based on a contract. *Compare* TEX. FIN. CODE §§304.002, 304.005 *with* 4CR:517-22.

Koopmanns' tort claims are based on actions governed by the Lease. 1CR:243-54. Any duties to properly inspect royalty-related documents, make proper royalty payments, or pay shut-in royalties arose under the Lease. *Compare* 1CR:244-46, 251-53 *with DeLanney*, 809 S.W.2d at 495. Indeed, Koopmanns allege negligence through failure to "manage and administer *the lease*," "execute *the contract* with the level of care" required, and cooperate "in the performance of *the Lease/contract*." 1CR:244-45, 251-52 (emphasis added).

Absent the Lease, Burlington and ConocoPhillips would have no obligation to pay royalties to Koopmanns, which are the only damages sought. *See DeLanney*, 809 S.W.2d at 495. As this Court has held, tort claims seeking recovery of unpaid royalties are barred by the rules articulated in *DeLanney*. *Harrison v. Bass Enters. Prod. Co.*, 888 S.W.2d 532, 536 (Tex. App.—Corpus Christi 1991, no writ) (applying *DeLanney* where "the only damages Harrison claims are the unpaid royalties—the subject matter of the contract").

### b. *Withheld royalty payments cannot be converted*

Under Texas law, money can be converted only when it takes the form of specific chattel, such as old coins, or "when the money is delivered to another party for safekeeping, the keeper claims no title, and the money is required and intended to be segregated, either substantially in the form in which it was received or as an intact fund." *Mitchell Energy Corp. v. Samson Resources Co.,* 80 F.3d

14

976, 984 (5th Cir. 1996)[8] (citing *Dixon v. State*, 808 S.W.2d 721, 723 (Tex. App.—Austin 1991, writ dism'd w.o.j.). An obligation requiring mere payment of money will not support a conversion claim. *E.g., Newsome v. Charter Bank Colonial*, 940 S.W.2d 157, 161 (Tex. App.—Houston [14th Dist.] 1996, writ denied).

Koopmanns cite *Livingston Oil Corp. v. Waggoner*, 273 S.W. 903 (Tex. Civ. App.—Amarillo 1925, writ ref'd), and *Santana Natural Gas Corp. v. Hamon Operating Co.,* 954 S.W.2d 885, 892 (Tex. App.—Austin 1997, pet. denied), for the proposition that minerals brought to the surface and severed from real property can be converted. However, Koopmanns' conversion claim makes no such allegation, asserting instead the withholding of "royalty payments," *i.e.*, money payments. *See, e.g.*, 1CR:243; *Koopmann-XANT:Br.* 20. As a matter of law, these payments cannot be converted. *See Mitchell*, 80 F.3d at 983; *Newsome*, 940 S.W.2d at 161.

### c. *As a matter of law, the shut-in payment caused no damage*

In support of their negligence claims, Koopmanns point to both withheld royalties and Burlington's shut-in royalty payment. In addition to establishing the early payment breached some duty (even though not prohibited by the Lease (1CR:273-79, 286-97)), Koopmanns must show the payment proximately caused

---

[8] The Fifth Circuit examined Texas law and concluded "no conversion action lies" for working/royalty interest owners who complain they have not received royalties due. *Mitchell*, 80 F.3d at 983-84.

15

some damage. *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Although Koopmanns make unsupported allegations that the shut-in royalty payment was *meant* to fool them, they averred they were *not* fooled and, instead, "laughed" and immediately returned the payments. 3CR:639-41, 642, 651-52. As a matter of law, the payments did not proximately cause any damages.

### d.      The equitable claims are barred by contract

Koopmanns' equitable claims for unjust enrichment and money had and received also fail as a matter of law because an express contract covers the disputed issue. *See Fortune Prod. Co. v. Conoco, Inc.,* 52 S.W.3d 671, 683-84 (Tex. 2000). Koopmanns' equitable claims are based on the failure to pay NPRI royalties. Any obligation to make royalty payments to Koopmanns is governed by the Lease. The Lease's bar against equitable claims regarding withheld royalty payments applies equally to Burlington as a contracting party and ConocoPhillips as a third party administering the Lease. *See Protocol Tech. v. J.B. Grand Canyon Dairy*, 406 S.W.3d 609, 614 (Tex. App.—Eastland 2013, no pet.); *Iron Mountain Bison Ranch, Inc. v. Easely Trailer Mfg., Inc.,* 42 S.W.3d 149, 160 (Tex. App.—Amarillo 2000, no pet.).

For each of the reasons set forth above, the trial court properly granted take-nothing summary judgment against Koopmanns' non-declaratory claims.

**B.     The Trial Court Properly Severed Strieber's Cross-Claim**

A claim is properly severable if: (1) the controversy involves multiple claims; (2) the severed claim could be the proper subject of a lawsuit if asserted independently; and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guaranty Fed. Savs. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). In challenging the trial court's severance of her cross-claim, Strieber does not dispute the first two prongs are met. *Strieber-ANT:Br.* 5. Instead, Strieber contends her cross-claim against Burlington and ConocoPhillips for breach of an alleged oral contract is so interwoven as to be inseparable from Koopmanns' request for declaratory judgment under the 1996 Deed.

Strieber fails to recognize three important points:

- First, it is possible for two claims to share some common facts and issues without being "interwoven."

- Second, courts have broad discretion to sever live claims from a completed claim to expedite finality and appeal.

- Third, Strieber is not being "forced" to litigate her cross-claim and this appeal concurrently because of the severance, but rather due to her own request that the trial court deny any stay of the severed claim.

**1.     The claims are not "interwoven"**

Two claims are not "interwoven" simply because they involve some common issues and facts. For example, permissive counter- or cross-claims may be asserted in the same lawsuit as a plaintiff's claims if they arise from a common

17

transaction/occurrence and share some common legal or factual questions. TEX. R. CIV. P. 40(a). If this level of commonality rendered claims unseverable, no severance ever would be permitted. Yet, a review of the case law demonstrates that, if a claim could be brought in a separate lawsuit (as Strieber concedes her cross-claim could), it is rarely "so interwoven" as to preclude severance. Instead, the "interwoven" standard requires a pervasive identity of issues creating a real danger of duplicative trials.

For example, claims involving the exact same damages sought for the exact same injury are not so "interwoven" to preclude severance. The Texas Supreme Court has affirmed severance of claims against multiple defendants for joint and several damages from indivisible injuries. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733-34 (Tex. 1984). These claims necessarily rested on common facts and evidence. *Id.* at 733. However, each claim could have been brought separately, and default judgment against one defendant averted two trials on liability (though not on damages). *Id.* at 734. The Supreme Court found no abuse of discretion in the severance. *Id.*

Likewise, two claims are not "interwoven" simply because they involve common contract interpretation issues. This Court has addressed whether claims for breaches of various oil and gas leases could be severed from each other. *Union Gas Corp. v. Gisler*, 129 S.W.3d 145, 155 (Tex. App.—Corpus Christi-Edinburg

18

2003, no pet.). All the contract claims involved interpretation of a single unit designation governing pooled leases. *Id.* Despite this common denominator, the separate leases between different parties made the ultimate questions of breach "[s]eparate and discreet," supporting severance. *Id.* The Court distinguished severable claims based on separate contracts between different parties from unseverable claims based on "but one contract, one set of facts, and one set of issues." *Id.*

Just as two claims involving a common contract or indivisible injuries are not so interwoven to preclude severance, two claims are not "interwoven" simply because the one claim's outcome constitutes a threshold to the other. In *Union Gas*, this Court also addressed severability of claims for breach of oil and gas leases from threshold claims for bad-faith pooling. *Id.* at 148, 155. A finding of bad-faith pooling could have eliminated royalties owed under some of the leases, which, in turn, would have affected the amounts owed to other royalty owners. *Id.* at 148. However, the contract claims could have been asserted separately. *Id.* at 155. Furthermore, the bad faith claim presented tort issues and facts "rang[ing] well beyond the more narrow confines" of the contract questions. *Id.* Despite the threshold connection, the claims were properly severed. *Id.*; *see also F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 694 (Tex. 2007) (stating indemnity claim is properly severable from underlying liability claim).

In this case, Koopmanns' declaratory judgment claim and Strieber's cross-claim are based on two different alleged agremeents between different parties. *See Union Gas*, 129 S.W.3d at 155. Koopmanns sought a declaration of their rights under the 1996 Deed with Strieber. Once that threshold question was decided, Strieber's contingent cross-claim focused entirely on formation and breach of a purported 2011 oral contract to which Koopmanns are not parties. 2CR:5. Strieber's cross-claim is not "interwoven" simply because she premised it on Koopmanns' obtaining declaratory relief. *See Duenez*, 237 S.W.3d at 694 (stating that indemnity claim, as opposed to contribution claim for proportionate responsibility, is properly severable from threshold liability claim); *Union Gas*, 129 S.W.3d at 155 (holding that threshold bad-faith pooling claim was severable from contract claims).

Unlike Koopmanns' and Strieber's claims based on different contracts between different parties, the claims in the four cases discussed in Strieber's brief involved one inseparable set of facts and issues. *Duenez*, *Cotner*, and *McKillip-Odom* involved personal injury claims arising out of a single car accident. In *Duenez*, the court refused to sever a contribution cross-claim seeking to impose proportionate (not joint and several) liability for the same drunk driving accident on which the plaintiff sued. 237 S.W.3d at 693-94. In *Cotner*, the Texas Supreme Court noted in dicta that the plaintiff-driver's claim and plaintiff-passenger's claim

20

against a single defendant could not be severed. *State Dept. of Highways & Public Transp. v. Cotner*, 845 S.W.2d 818, 819 (Tex. 1993). And in *McKillip-Odom*, the plaintiff-passenger's claims were not severable from the plaintiff-driver's claims and defendant's contribution claims. *In re McKillip-Odom*, 2007 WL 2045282, at *2-3 (Tex. App.—Tyler July 18, 2007, orig. proceeding) (mem. op.).

The remaining case—*Levetz*—involved a contract, but only one: a settlement agreement. *Levetz v. Sutton*, 404 S.W.3d 798, 801 (Tex. App.—Dallas 2013, pet. denied). The appellate court held the plaintiff's breach of contract claim could not be severed from the defendant's lack of capacity defense. *Id.* at 802-03. *Levetz* exemplifies the "one contract, one set of facts, and one set of issues" this Court found distinguishable in *Union Gas*. *See* 129 S.W.3d at 155 (affirming severance of claims sharing certain interpretation questions but ultimately based on separate contracts).

Far from involving a single car accident or one contract, Koopmanns' declaratory judgment claim and Strieber's cross-claim are based on two separate alleged agreements, disparate facts, and independent issues. The trial court acted within its discretion in severing the cross-claim.

## 2. The summary declaratory judgment confirms severance was proper

The severance's propriety is further confirmed by the summary declaratory judgment that preceded it. The interest in avoiding duplicative trials of the exact

same issues is notably absent when a live claim is severed from claims resolved summarily, *e.g.*, by partial summary judgment, default judgment, dismissal, or agreement. *See, e.g.*, *McGuire v. Commercial Union Ins. Co.*, 431 S.W.2d 347, 351 (Tex. 1968); *Smith v. Tex. Farmers Ins. Co.*, 82 S.W.3d 580, 588 (Tex. App.—San Antonio 2002, pets. denied). This type of severance, even if done solely to expedite appellate review, is not an abuse of discretion. *Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 526 (Tex. 1982); *Garcia v. Willman*, 4 S.W.3d 307, 311-12 (Tex. App.—Corpus Christi 1999, no pet.).

In *Cherokee Water*, the plaintiff sought declaratory judgment that its purchase right under a deed conveying mineral interests included the right to lease the land. *Forderhause v. Cherokee Water Co.*, 623 S.W.2d 435, 440 (Tex. Civ. App.—Texarkana 1981), *rev'd*, 641 S.W.2d 522 (Tex. 1982). The defendants asserted a counterclaim for reformation if the trial court construed the deed to include a lease. *Id.* After a summary judgment construing the deed to include a lease, the trial court severed the reformation claim and set it for trial. *Id.* at 437. Both claims arose out of the same instrument. *Id.* at 440. Yet, the Texas Supreme Court held the trial court did not abuse its discretion in severing the live claim after the threshold claim was disposed by summary judgment. *Cherokee Water*, 641 S.W.2d at 526.

As in *Cherokee Water*, Strieber conditioned her cross-claim on Koopmanns' obtaining declaratory relief.  2CR:5.  After summarily granting declaratory relief, the trial court acted within its discretion in severing Strieber's cross-claim.  *See* 641 S.W.2d at 526.

### 3.　　Strieber cannot complain of alleged prejudice she invited

Although there is no danger of duplicative trials here due to the summary judgment, Strieber argues she is prejudiced by moving forward with her cross-claim and this appeal simultaneously.  *Strieber-ANT:Br.* 5, 7-8.  She argues "all that judicial time and expense [in trying the severed cross-claim] will have been wasted" if this Court ultimately reverses the declaratory judgment.[9]  *Strieber-ANT:Br.* 8. This same situation existed in *Cherokee Water*, where severance was proper.  *See* 641 S.W.2d at 526.  Moreover, competing interests such as alleged prejudice or judicial economy are matters committed to the trial court's discretion that will not be re-adjudicated on appeal.  *See RGV Healthcare Assocs., Inc. v. Estevis*, 294 S.W.3d 264, 269 (Tex. App.—Corpus Christi-Edinburg 2009, pet. denied); *Excel Corp. v. Valdez*, 921 S.W.2d 444, 448 (Tex. App.—Corpus Christi 1996, orig. proceeding).

---

[9] Strieber does not identify any other source of alleged prejudice.  *See Collin County v. Hixon Family P'ship, Ltd.*, 365 S.W.3d 860, 877-78 (Tex. App.—Dallas 2012, pets. denied); *Howell v. Tex. Workers' Compensation Comm'n*, 143 S.W.3d 416, 439 (Tex. App.—Austin 2004, pets. denied).

Moreover, Strieber is estopped from complaining about this situation. In opposing the motion to sever and stay her cross-claim, Strieber argued that "*[e]ven if the Court were to order severance of Mrs. Strieber's claims into a separate cause of action, it should not stay further proceedings* until the Burlington Defendants, or Plaintiffs for that matter, are satisfied that all appellate remedies are exhausted." 4CR:369 (emphasis added). Having asked the trial court to move forward with her severed cross-claim, Strieber cannot complain she is prejudiced thereby. *See In re Greater McAllen Star Properties*, 444 S.W.3d 743, 749 (Tex. App.—Corpus Christi-Edinburg 2014, no pet. hist.).

Finally, the severance does not prejudice Strieber. Strieber does not ask this Court to stay her cross-claim pending a decision on Koopmanns' declaratory judgment. Instead, she asks the Court to vacate the severance and remand her cross-claim for immediate trial while this appeal is abated, *i.e.* before ownership of Strieber's NPRI is finally decided. *Strieber-ANT:Br.* 11. Thus, both the existing severance and Strieber's request on appeal carry equal risk that ultimate reversal of the declaratory judgment will render trial of her cross-claim a waste.

The lack of prejudice further confirms severance was proper. In addition, the lack of prejudice shows that, even if the severance constituted error, no harm exists to support reversal. *See Morgan*, 675 S.W.2d at 734; *Henry S. Miller Mgmt.*

24

*Corp. v. Houston State Assocs.*, 792 S.W.2d 128, 133 (Tex. App.—Houston [1st Dist.] 1990, writ denied).

## PRAYER

WHEREFORE, Cross-Appellees ConocoPhillips Company and Burlington Resources Oil & Gas Co., L.P. respectfully request the Court affirm the trial court's partial summary judgment that Koopmanns take nothing on their non-declaratory claims and affirm the trial court's severance order, both of which merged into the final judgment. Cross-Appellees further request they be awarded their costs on appeal, or alternatively, if the Court grants relief to more than one side, that costs on appeal be assessed against the party incurring same. *See* TEX. R. APP. P. 43.4. Cross-Appellees also request all other and further relief to which they may be entitled at law and in equity.

Respectfully submitted,

     /s/ Michael V. Powell

Michael V. Powell
  State Bar No. 169204400
W. Scott Hastings
  State Bar No. 24002241
Kirsten M. Castañeda
  State Bar No. 00792401
Elizabeth L. Tiblets
  State Bar No. 24066194
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (fax)

Kevin D. Cullen
  State Bar No. 05208625
CULLEN, CARSNER, SEERDEN
& CULLEN, L.L.P.
119 South Main Street
Victoria, Texas 77902
(361) 573-6318
(361) 573-2603 (fax)

COUNSEL FOR APPELLANTS/
CROSS-APPELLEES CONOCOPHILLIPS
COMPANY AND BURLINGTON
RESOURCES OIL & GAS LP

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned certifies that this Brief complies with the length limitations of Rule 9.4(i) and the typeface requirements of Rule 9.4(e).

1.   Exclusive of the contents excluded by Rule 9.4(i)(1), this Brief contains _____5,369_____ words as counted by the Word Count function (including textboxes, footnotes, and endnotes) of Microsoft Office Word 2010.

2.   This Brief has been prepared in proportionally spaced typeface using:

Software Name and Version:  Microsoft Office Word 2010
Typeface Name:  Times New Roman
Font Size:  14 point

_____/s/ Kirsten M. Castañeda_____
Kirsten M. Castañeda

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2015, a true and correct copy of this Brief is served by e-service through efile.txcourts.gov on Appellant Strieber and on Appellees/Cross-Appellants through their respective counsel of record, listed below:

Mike Johanson
  *mjohanson&JandFLaw.com*
Christopher Michael Volf
  *cvolf@jandflaw.com*
Todd Taylor
  *ttaylor@jandflaw.com*
JOHANSON & FAIRLESS, L.L.C.
1456 First Colony Blvd.
Sugarland, Texas 77479
*Counsel for Appellees/Cross-Appellants*

Ronald B. Walker
  State Bar No. 20728300
  *rwalker@walkerkeeling.com*
WALKER KEELING, L.L.P.
120 S. Main, Suite 500
P.O. Box 108
Victoria, Texas 77902
*Counsel for Appellees/Cross-Appellants*

D. Mitchell McFarland
  State Bar No. 13597700
  *mmcfarland@munsch.com*
Carrie Schadle
  State Bar No. 24051618
  *cschadle@munsch.com*
MUNSCH HARDT KOPF & HARR
  PC
700 Milam Street, Suite 2700
Houston, Texas 77002-2806
*Counsel for Appellant Strieber*

Errol John Dietze
  State Bar No. 05858000
  *ejd@dietze-reese.com*
DIETZE & REESE
108 North Esplanade Street
P.O. Box 841
Cuero, Texas 77954
*Counsel for Appellant Strieber*

/s/ Kirsten M. Castañeda
Kirsten M. Castañeda

28